IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| THOMAS HARGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 1:06-0005 |
| | ) | JUDGE HAYNES |
| SHERIFF WILLIAM DORNING, | ) | |
| individually and as Sheriff of Lawrence | ) | |
| County, TONYA HOUSER, individually | ) | |
| and in her official capacity, PHILLIP | ) | |
| AKKINSON, individually and in his | ) | |
| official capacity, PAM CLAYTON | ) | |
| individually and in her official capacity, | ) | |
| and LANA ROLLOFF individually and in | ) | |
| her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Thomas Hargrove, a pretrial detainee, filed this action under 42 U.S.C. § 1983 against the Defendants: Sheriff William Dorning, individually and as Sheriff of Lawrence County; Tonya Houser, individually and in her official capacity; Phillip Akkinson, individually and in his official capacity; Pam Clayton, individually and in her official capacity; and Lana Rolloff, individually and in her official capacity. Plaintiff asserts Fourteenth Amendment claim for denial of access a medical necessity, a prosthetic device or crutches.

Before the Court is the motion to dismiss filed by the Defendants Dorning, Houser, Clayton and Rolloff, (Docket Entry No. 11), contending, in sum, that Plaintiff has not exhausted his administrative grievance remedies as to them. These Defendants attach a copy of Plaintiff's grievance filing, (Docket Entry No. 13, Attachment thereto), that does not reflect the names of any of the Defendants in this action. Id. Plaintiff named only "David" in the text of his grievance. Id.

The Prison Litigation Reform Act ("PLRA") that provides, in pertinent part: " No action shall be brought with respect to prison conditions under section 1993 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. Porter v. Nussle, 534 U.S. 516, 524 (2002); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). In Porter, the Supreme Court held that the PLRA exhaustion requirement in § 1997e applies to all prisoners seeing redress for prison condition and is mandatory. 516 U.S. at 524.

Under the PLRA, a prisoner bears the burden to establish his exhaustion of administrative remedies and if practicable, prisoner must attach documentation of his grievance to his complaint. Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005). Further, in his grievance, the prisoner must name each defendant who is named in his civil action and discuss the same claims in his grievance that are in his legal action. Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Here, Plaintiff names as defendants persons who are not mentioned in his grievance.

Accordingly, his complaint must be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the 8th day of August, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge